UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CATHY THOMPSON and ANTHONY WILLIAMS, | ) ) ) |
| Plaintiffs, | ) CIVIL ACTION ) CASE NO. 3:09-cv-00603 ) |
| v. | ) Judge Echols ) Magistrate Judge Brown |
| UNITED BENEFITS OF AMERICA, LLC and TIMOTHY THOMAS, | ) ) ) |
| Defendants. | |

## AGREED ORDER

This case is before the Court on Plaintiff's Motion for Conditional Certification, to Facilitate Expedited Court-Supervised Class Notice, and for Equitable Tolling ("Plaintiff's Motion") [Docket Entry No. 7]. Having considered Plaintiff's Motion and the Agreement of the parties, Plaintiff's Motion is **GRANTED IN PART** and **RESERVED IN PART** consistent with the terms of this Order. The Court **ORDERS** as follows:

1. The Court conditionally certifies a class in this action under 29 U.S.C. §216(b) consisting of current and former employees of United Benefits of America, LLC ("United Benefits") who worked at any time since June 30, 2006 as a telephone service representative (the "Conditional Class").

2. Counsel for the parties shall confer in an effort to arrive at a stipulated proposed Notice which apprises the Conditional Class of the general nature of Plaintiffs' claims and Defendants' defenses, and sets forth a deadline for potential Plaintiffs to opt in to the lawsuit. Any such stipulated proposed Notice shall be filed within twenty-one (21) days of entry of this Order. If counsel for the parties cannot come to an agreement on the language of the Notice,

Plaintiffs shall file a proposed Notice within twenty-one (21) days of the date of entry of this Order. Defendants may file any objections to the proposed Notice and file their proposed notice within ten (10) days of the date of entry of this Order.

3. Defendants shall produce to Plaintiffs the names and last known addresses of all current and former employees who comprise the Conditional Class. Such production shall occur on or before October 12, 2009.

4. Plaintiffs, or a qualified third party at the Plaintiffs' discretion, shall distribute, via U.S. Mail, the Court-Authorized Collective Action Notice. Each Notice shall be accompanied by a Notice of Consent Form and a return envelope. Plaintiffs shall bear all costs associated with distributing the Notice and accompanying material.

5. No later than five (5) business days after distributing the Notice, counsel for Plaintiffs shall file a certification with the Court, certifying that the Notice has been mailed to the members of the Conditional Class consistent with this Order and identifying the date of mailing.

6. All Notice of Consent Forms shall be filed with the Court no later than ninety (90) days from October 12, 2009, or the date upon which the Court approves a Court-Authorized Collective Action Notice, whichever is later. In the event Defendants produce to Plaintiffs the names and last known addresses of any employees after October 12, 2009, the Notice of Consent Forms shall be filed with the Court ninety (90) days from the date such names and last known addresses are produced.

7. The Court expressly reserves ruling on Plaintiffs' Motion with respect to equitable tolling until the close of the discovery period. Within ten (10) days after the discovery period closes, the parties shall notify the Court whether they have reached agreement on the issue of equitable tolling. If no agreement has been reached, the Court will permit Defendants to

respond to Plaintiffs' Motion to substantively address equitable tolling for the class as a whole as it relates to individual Plaintiffs.

8. The parties shall not be deemed to have waived or conceded any substantive or procedural rights by consenting to this Order, the contents or form of the Collective Action Notice, or the scope of such notice's distribution, and neither this Order, the Collective Action Notice, nor the scope of the notice's distribution may be used to establish a factual or legal claim in dispute in any proceeding. Furthermore, nothing in this Order in any way precludes Defendants from later seeking a decertification of the Conditional Class nor does this Order in any way preclude a party from seeking any form of bifurcation or separation of matters to be tried in this case.

It is so ORDERED.

_____

Approved for Entry:

/s/Katherine K. Layhew
BURR & FORMAN, LLP
Thomas K. Potter, III, T.A. (TN Bar # 024857)
Katherine K. Layhew (TN Bar # 022274)
700 Two American Center
3102 West End Avenue
Nashville, TN 37203
Telephone: (615) 724-3200
Facsimile: (615) 724-3290
Email: tpotter@burr.com
Email: klayhew@burr.com

K. Bryance Metheny (TN Bar # 025150)
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: bmetheny@burr.com

*Counsel for Defendants United Benefits of America, LLC and Timothy Thomas*
/s/David W. Garrison
Gerald E. Martin (TN Bar # 020193)
David W. Garrison (TN Bar # 024968)
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
Email: dgarrison@barrettjohnston.com
*Counsel for Plaintiffs Cathy Thompson and Anthony Williams*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

Gerald E. Martin
David W. Garrison
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, TN 37201

/s/Katherine K. Layhew
*Counsel for Defendants*